UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-193

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| APPROXIMATELY $110,270.86 IN FUNDS ) | |
| DERIVED FROM A CHECK FUNDED BY ) | |
| TRUIST BANK ACCOUNT XXXXXX9774, ) | |
| SUCH ACCOUNT HELD IN THE NAME OR, ) | |
| OR BY OR FOR THE BENEFIT OF, HEIDI ) | |
| KING, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment of Forfeiture. (Doc. No. 7). Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the approximately $110,270.86 in funds ("Defendant Funds") derived from a check funded by Truist Bank Account XXXXXX9774 ("Target Account") as identified in the Complaint. The motion will be **GRANTED**.

## FACTUAL BACKGROUND

Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint,

1

Doc. No. 1, are deemed admitted as true. The following is a recitation of the relevant, admitted facts:

As set forth more fully in the Complaint, Heidi King ("King") acted as a U.S.- based money mule for one or more unknown individuals ("UI"). (Doc. No. 1 ¶ 4). A money mule is a person whose bank account acts as a conduit between a victim of a financial fraud scheme and the criminal who perpetrates the fraud scheme. (Id.). As such, the account receives the funds that originated from the victim and routes them elsewhere, often to the fraudster perpetrating the scheme. (Id.). Many money mules know or should know of their role in a crime. (Id.). King, the money mule here, was purportedly acting under the guise of an online romantic relationship with a UI. (Id.). At the direction of a UI, King opened one or more accounts, including, but as noted herein, not limited to, the Target Account at Truist Bank. (Id.). Thereafter, the accounts, including the Target Account, received funds from a variety of fraud victims. (Id.). King transferred some funds, in the form of multiple wire transfers, from the accounts to various locations, while some funds remained in the Target Account. (Id.). Ultimately, Truist Bank closed the Target Account and provided a check representative of the account balance to King. (Id.). In or about March 2023, when law enforcement approached King, she relinquished the check to the United States Secret Service ("USSS"), and USSS, acting pursuant to a signed Agreement to Surrender Property, deposited the check, resulting in the Defendant Funds held in the Western District of North Carolina. (Id.).

**PROCEDURAL BACKGROUND**

On August 1, 2023, the Government filed a Verified Complaint for Forfeiture *In Rem*, alleging that the Defendant Funds seized from Ms. King are subject to civil forfeiture under

18 U.S.C. § 981(a)(1)(C). (Doc. No. 1). On August 2, 2023, the Clerk issued an Order and Warrant of Arrest *In Rem* for the Defendant Funds. (Doc. No. 2).

After the Government filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on August 22, 2023, the Government mailed notice and a copy of the Complaint to Ms. King. (Doc. No. 4). Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Funds by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on August 22, 2023. (Id.).

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the pendency of this action, no individual or entity has made a timely claim to the Defendant Funds.

On January 4, 2024, the Clerk entered an Entry of Default. (Doc. No. 6).

## **DISCUSSION**

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." FED. R. CIV. P. SUPP. R. G(2)(f). The Government may seek forfeiture of, "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section… 1344 of this title or any offense constituting 'specified unlawful activity'…" See 18

3

U.S.C. § 981(a)(1)(C). Here, the Target Funds constitute or are derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 (Mail Fraud), 1343 (Wire Fraud) and 1344 (Bank Fraud). (Doc. No. 1 ¶ 2).

Based on the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Funds subject to civil forfeiture under 18 U.S.C. § 981(a)(1)(C). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Funds.

After careful review, the Court finds that the Government has established that default judgment is appropriate.

## JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Funds identified in the Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Funds are hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the Defendant Funds as provided by law.

Signed: February 21, 2024

Max O. Cogburn Jr
United States District Judge